# Supreme Court of Florida

_____

No. SC2023-1477

_____

**IN RE: AMENDMENTS TO FLORIDA PROBATE RULES—2023 LEGISLATION.**

December 14, 2023

PER CURIAM.

The Florida Bar's Probate Rules Committee has filed a fast-track report proposing amendments to Florida Probate Rules 5.630 (Petition for Approval of Acts), 5.649 (Guardian Advocate), 5.904 (Forms for Initial and Annual Guardianship Plans), 5.905 (Form for Petition, Notice, and Order for Appointment of Guardian Advocate of the Person), 5.906 (Letters of Guardian Advocacy), and 5.920 (Forms Related to Injunction for Protection Against Exploitation of a Vulnerable Adult).[1]  The Committee also proposes the addition of new rule 5.631 (Petition for Approval by Professional Guardian for Order Not to Resuscitate or to Withhold Life-Prolonging Procedures).

---

1.  We have jurisdiction.  _See_ art. V, § 2(a), Fla. Const.; _see also_ Fla. R. Gen. Prac. & Jud. Admin. 2.140(e).

The proposed amendments are in response to recently enacted legislation. *See* chs. 2021-221, 2023-213, 2023-287, Laws of Fla. The Board of Governors of The Florida Bar unanimously approved the proposed amendments. Having considered the Committee's report and the relevant legislation, we hereby amend the Florida Probate Rules as proposed by the Committee. Some of the more significant changes are discussed below.

Rule 5.630(a) (Contents) is amended to include a reference to section 744.422, Florida Statutes. Also, in response to the repeal of section 744.441(2), Florida Statutes, by chapter 2023-287, section 6, Laws of Florida, subdivisions (a)(2) and (d) (Hearings) of rule 5.630 are deleted and the remaining subdivisions are reorganized accordingly.

New rule 5.631 is added in response to the enactment of section 744.4431, Florida Statutes, by chapter 2023-287, section 5, Laws of Florida. The new rule addresses the procedure for seeking approval by the professional guardian for an order not to resuscitate or to withhold life-prolonging procedures.

Rule 5.649 is amended to include new subdivision (a)(10). The new subdivision requires that a petition for appointment of a

guardian advocate state whether authority is sought to seek periodic support of the person with a developmental disability.

And lastly, rule 5.904(c) (Initial Guardianship Plan for Adult) and (d) (Annual Guardianship Plan for Adult) are amended to require a guardian to list any preexisting orders not to resuscitate, healthcare surrogate decisions, living wills, or anatomical gifts.

Accordingly, the Florida Probate Rules are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall take effect immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons have 75 days from the date of this opinion in which to file comments with the Court.[2]

---

2. All comments must be filed with the Court on or before February 27, 2024, with a certificate of service verifying that a copy has been served on the Committee Chair, Alexandra V. Rieman, GAPS Legal, PLLC, 1580 Sawgrass Corporate Parkway Suite 130, Fort Lauderdale, Florida 33323-2860, alex@gapsattorneys.com, and on the Bar Staff Liaison to the Committee, Heather Savage Telfer, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, rules@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Probate Rules

Alexandra V. Rieman, Chair, Florida Probate Rules Committee, Fort Lauderdale, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

---

Committee Chair has until March 19, 2024, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927.

# APPENDIX

## RULE 5.630.   PETITION FOR APPROVAL OF ACTS

(a)   **Contents.**

(1)   When authorization or confirmation of any act of the guardian is required under sections 744.422 or 744.441(1), Florida Statutes, application ~~shall~~ must be made by verified petition stating the facts showing:

(A1)  the expediency or necessity for the action;

(B2)  a description of any property involved;

(C3)  the price and terms of any sale, mortgage, or other contract;

(D4)  whether the ward has been adjudicated incapacitated to act with respect to the rights to be exercised;

(E5)  whether the action requested conforms to the guardianship plan; and

(F6)  the basis for the relief sought.

~~(2)   When authorization or confirmation of any act of the guardian is required under section 744.441(2), Florida Statutes, application shall be made by verified petition attaching any affidavits and supporting documentation, including any living will, and stating the facts showing:~~

~~(A)   the name and location of the ward;~~

~~(B)   the names, relationship to the ward, and addresses if known to the guardian, of:~~

~~(i)   the ward's spouse and adult children,~~

~~(ii)   the ward's parents,~~

~~(iii)   the ward's next of kin,~~

~~(iv)   any guardian and any court-appointed health care decision-maker,~~

~~(v)   any person designated by the ward in a living will or other document to exercise the ward's health care decision in the event of the ward's incapacity,~~

~~(vi)   the administrator of the hospital, nursing home, or other facility where the ward is located,~~

~~(vii)   the ward's principal treating physician and other physicians known to have provided any medical opinion or advice about any condition of the ward relevant to this petition, and~~

~~(viii)  all other persons the guardian believes may have information concerning the expressed wishes of the ward; and~~

~~(C)   facts sufficient to establish the need for the relief requested.~~

**(b)**   **Notice.** No notice of a petition to authorize sale of perishable personal property or of property rapidly deteriorating ~~shall be~~is required. Notice of a petition to perform any other act requiring a court order ~~shall~~must be given to the ward, to the next of kin, if any, and to those persons who have filed requests for notices and copies of pleadings.

**(c)**   **Order.**

(1)   If the act is authorized or confirmed, the order ~~shall~~must describe the permitted act and authorize the guardian to perform it or confirm its performance.

(2)   If a sale or mortgage is authorized or confirmed, the order ~~shall~~must describe the property. If a sale is to be private, the order ~~shall~~must specify the price and the terms of the sale. If a sale

is to be public, the order ~~shall~~must state that the sale ~~shall~~will be made to the highest bidder and that the court reserves the right to reject all bids.

(3)    If the guardian is authorized to bring an action to contest the validity of all or part of a revocable trust, the order ~~shall~~must contain a finding that the action appears to be in the ward's best interests during the ward's probable lifetime. If the guardian is not authorized to bring such an action, the order ~~shall~~must contain a finding concerning the continued need for a guardian and the extent of the need for delegation of the ward's rights.

~~(d)    Hearings. A preliminary hearing on any petition filed under section 744.441(2), Florida Statutes, shall be held within 72 hours after the filing of the petition. At that time, the court shall review the petition and supporting documentation. In its discretion, the court shall either:~~

~~(1)    rule on the relief requested immediately after the preliminary hearing; or~~

~~(2)    conduct an evidentiary hearing not later than 4 days after the preliminary hearing and rule on the relief requested immediately after the evidentiary hearing.~~

## Committee Notes

### Rule History

1975 – 2020 Revision: [No Change]

2023 Revision: Subdivisions (a)(2) and (d) were deleted as section 744.441(2), Florida Statutes was repealed. Reference to section 744.422, Florida Statutes, was added to subdivision (a) to address its enactment.

### Statutory References

§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.

§ 736.0207, Fla. Stat. Trust contests.

§ 744.3215, Fla. Stat. Rights of persons determined incapacitated.

§ 744.422, Fla. Stat. Petition for support for a dependent adult child.

§ 744.441, Fla. Stat. Powers of guardian upon court approval.

§ 744.447, Fla. Stat. Petition for authorization to act.

§ 744.451, Fla. Stat. Order.

**Rule References**

[No Change]

## RULE 5.631.  PETITION FOR APPROVAL BY PROFESSIONAL GUARDIAN FOR ORDER NOT TO RESUSCITATE OR TO WITHHOLD LIFE-PROLONGING PROCEDURES

**(a)  Contents.**

(1)  When authorization for any act of the professional guardian is required under section 744.4431, Florida Statutes, application must be made by verified petition stating the facts showing:

(A)  a description of the proposed action or decision for which court approval is sought;

(B)  documentation of the authority of the professional guardian to make health care decisions on behalf of the ward;

(C)  a statement regarding any known objections to the relief sought;

(D)   a description of the ward's known wishes, including all advance directives executed by the ward, or, if there is no indication of the ward's wishes, a description of why the relief sought is in the best interests of the ward;

(E)   a description of exigent circumstances that exist which necessitate immediate relief; and

(F)   a description of the circumstances requiring the proposed action or decision, which must include supporting documents that are consistent with sections 765.305, 765.401(3), or 765.404, Florida Statutes.

**(b)   Notice.** Notice of the petition and of any hearing must be served on the ward, the ward's attorney, if any, the ward's next of kin, and any other interested persons which includes persons who have filed requests for notices and copies of pleadings. The provision of notice may be waived by the court.

**(c)   Hearing.**

(1)   The court must hold a hearing if:

(A)   the ward or the ward's attorney, if any, objects to the petition;

(B)   the ward's next of kin or an interested person objects for any reason authorized by section 765.105(1), Florida Statutes;

(C)   the professional guardian, the ward, or the ward's attorney, if any, requests a hearing; or

(D)   the petition has insufficient information for the court to make a determination.

(2)   On a showing a hearing is required and exigent circumstances exist, a preliminary hearing on the petition must be held with 72 hours of filing. At the conclusion of the hearing, the

court must rule on the petition or set it for an evidentiary hearing within 4 days.

**(d)   Order.**

(1)   If the petition is granted, the order must describe the permitted act and authorize the professional guardian to perform the act.

(2)   If the petition is denied, the order must state the reasons for the denial.

## Committee Notes

### Rule History

2023 Revision: Rule adopted to address the enactment of section 744.4431, Florida Statutes.

### Statutory References

§ 744.4431, Fla. Stat. Guardianship power regarding life-prolonging procedures.

### Rule References

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.060 Request for notices and copies of pleadings.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.649.   GUARDIAN ADVOCATE

**(a)   Petition for Appointment of Guardian Advocate.** A petition to appoint a guardian advocate for a person with a

developmental disability may be executed by an adult person who is a resident of this state. The petition must be verified by the petitioner and must state:

(1) - (2)    [No Change]

(3)    that the petitioner believes that the person needs a guardian advocate and the factual information on which such the belief is based;

(4) – (7)    [No Change]

(8)    whether the petitioner has knowledge, information, or belief that the person with a developmental disability has executed a designation of health case surrogate or other advance directive under chapter 765, Florida Statutes, or a durable power of attorney under chapter 709, Florida Statutes, and if the person with a development disability has executed any of the foregoing documents, an explanation as to why the documents are insufficient to meet the needs of the individual; and

(9)    whether the petitioner has knowledge, information, or belief that the person with a developmental disability has a preneed guardian designation; and

(10)  whether authority is sought to seek periodic support of the person with a developmental disability.

**(b)**    [No Change]

**(c)    Counsel.** Within 3 days after a petition has been filed, the court must appoint an attorney to represent a person with a developmental disability who is the subject of a petition to appoint a guardian advocate. The person with a developmental disability may substitute his or her the person's own attorney for the attorney appointed by the court.

**(d)    Order.** If the court finds the person with a developmental disability requires the appointment of a guardian advocate, the

- 11 -

order appointing the guardian advocate must contain findings of facts and conclusions of law, including:

(1) – (5)    [No Change]

(6)    if an advance directive exists and the court determines that the appointment of a guardian advocate is necessary, the authority, if any, the guardian advocate ~~shall~~ exercise<u>s</u> over the health care surrogate;

(7) – (9)    [No Change]

**(e)    Issuance of Letters.** ~~Upon~~<u>After</u> compliance with all of the foregoing, letters of guardian advocacy must be issued to the guardian advocate.

**Committee Notes**

**Rule History**

2008 – 2020 Revision: [No Change]

<u>2023 Revision: Subdivision (a)(10) added to address statutory changes to sections 393.12(2)(b) and (3)(b), Florida Statutes. Committee notes revised.</u>

**Statutory References**

[No Change]

**Rule References**

[No Change]

## RULE 5.904.  FORMS FOR INITIAL AND ANNUAL GUARDIANSHIP PLANS

### (a)  Initial Guardianship Plan for Minor.

In the Circuit Court of the
_____ Judicial
Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____

In Re: Guardianship of

_____

Minor Ward

_____

INITIAL GUARDIANSHIP PLAN FOR MINOR

.....(Guardian's name)....., the guardian of the person of .....(ward's name)....., submits the following annual plan for the period beginning on .....(beginning date)..... and ending on .....(ending date)....., for the benefit of the ward.

1.  The ward's address at the time of filing this plan is: _____

_____

2.  The medical, dental, mental, or personal care services for the welfare of the ward that will be provided during the upcoming year are:

| Provider | Type of Service to be Provided |
| --- | --- |
|  |  |
|  |  |
|  |  |
|  |  |

3.    The social and personal services to be provided for the welfare of the ward during the upcoming year are: _____

_____

_____

4.    The place and kind of residential setting best suited for the needs of the ward is: _____

_____

_____

5.    The physical and/or mental examinations necessary to determine the ward's medical, dental, and mental health treatment needs are: _____

_____

_____

6.    Education of the ward:

Name and address of the school the ward will attend: _____

_____

Grade level of ward: _____

Description of classes the ward will attend: _____

7.    Consulting with ward (Check ~~one~~1):

( )   a.    The ward is under age 14;

OR

( )   b.    The guardian attests that the guardian has consulted with the ward (if ward is 14 years of age or older) and, to the extent reasonable, honored the ward's wishes consistent with the rights retained by the ward under the plan, and to the maximum extent reasonable, the plan is in accordance with the wishes of the ward.

8.    This initial plan does not restrict the physical liberty of the ward more than is reasonably necessary to protect the ward from serious physical injury, illness, or disease and provides the

ward with medical care and mental health treatment for the ward's physical and mental health.

(Please use additional sheets if necessary.)

**Under penalties of perjury, I declare that I have completed and read the foregoing, and the facts set forth are true, to the best of my knowledge and belief.**

Signed on .....(date)......

*[A certificate of service is required if ward is 14 years of age or older.]*

[I certify that the foregoing document has been furnished to .....(name, address used for service, mailing address, and e-mail address)..... by (e-mail) (delivery) (mail) (fax) on .....(date)......]

Guardian's Signature
Guardian's Printed Name: _____

Guardian's Address: _____

Guardian's Phone Number: ____
Guardian's E-mail Address: ___

If the guardian is represented by counsel, the attorney must comply with Florida Rule of General Practice and Judicial Administration 2.515.

- 15 -

**(b) Annual Guardianship Plan for Minor.**

In the Circuit Court of the
_____ Judicial
Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____

In Re: Guardianship of

_____

Minor Ward

_____

ANNUAL GUARDIANSHIP PLAN FOR MINOR

.....(Guardian's name)....., the guardian of the person of .....(ward's name)....., submits the following annual plan for the period beginning on .....(beginning date)..... and ending on .....(ending date)......

1.    The ward's address at the time of filing this plan is: _____. During the prior 12 months, the ward resided at (include dates, names, addresses, and length of stay at each location):

| Date | Name | Address | Length of stay |
|------|------|---------|----------------|
|      |      |         |                |
|      |      |         |                |

2.    List any professional treatment (medical or dental) given to the ward during the prior 12 months:

| Date | Provider | Treatment provided |
|------|----------|--------------------|
|      |          |                    |

| Date | Provider | Treatment provided |
|------|----------|--------------------|

3.    A report from the physician who examined the ward no more than 180 days before the beginning of the applicable reporting period that contains an evaluation of the ward's physical and mental conditions has been filed with this plan. [*See subdivision (e) of this rule for a format for a physician's report.*]

4.    The plan for providing medical or dental services in the coming year:

_____

_____

_____

5.    A summary of the ward's school progress report:

_____

_____

_____

6.    A description of the ward's social development, including how well the ward communicates and maintains interpersonal relationships:

_____

_____

_____

7.    The social needs of the ward are:

_____

_____

_____

8.    Consulting with ward (Check ~~one~~1):

( )  a.    The ward is under age 14;

OR

( ) b.    The guardian attests that the guardian has consulted with the ward (if ward is 14 years of age or older) and, to the extent reasonable, honored the ward's wishes consistent with the rights retained by the ward under the plan, and to the maximum extent reasonable, the plan is in accordance with the wishes of the ward.

(Please use additional sheets if necessary.)

**Under penalties of perjury, I declare that I have completed and read the foregoing, and the facts set forth are true, to the best of my knowledge and belief.**

Signed on …..(date)……

*[A certificate of service is required if ward is 14 years of age or older.]*

[I certify that the foregoing document has been furnished to …..(name, address used for service, mailing address, and e-mail address)….. by …..(e-mail) (delivery) (mail) (fax)….. on …..(date)……]

Guardian's Signature
Guardian's Printed Name: _____

Guardian's Address: _____

Guardian's Phone Number: ____
Guardian's E-mail Address: ___

**(c)    Initial Guardianship Plan for Adult.**

In the Circuit Court of the
_____ Judicial
Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____

In Re: Guardianship of

_____
Respondent's Name
Person with Developmental Disability

_____

INITIAL GUARDIANSHIP PLAN
(Initial Report of Guardian/Guardian Advocate)

.....(Guardian's name)....., the guardian of the person/guardian advocate of .....(ward's name)....., the ward, submits the following initial plan:

During the period beginning .....(beginning date)....., and ending on .....(ending date)....., the guardian proposes the following plan for the benefit of the ward.

1.    The medical, mental, or personal care services for the welfare of the ward that will be provided during the upcoming year are:

| Provider | Type of Service to be Provided |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

2. The social and personal services to be provided for the welfare of the ward during the upcoming year are: _____

_____

_____

3. The place and kind of residential setting best suited for the needs of the ward is: _____

_____

_____

4. Describe the health and accident insurance and any other private or governmental benefits to which the ward may be entitled to meet any part of the costs of medical, mental health, or related services provided to the ward: _____

_____

_____

5. The physical and/or mental examinations necessary to determine the ward's medical, and mental health treatment needs are: _____

_____

_____

6. The guardian/guardian advocate hereby attests that the guardian/guardian advocate has consulted with the ward and, to the extent reasonable, honored the ward's wishes consistent with the rights retained by the ward under the plan, and to the maximum extent reasonable, the plan is in accordance with the wishes of the ward.

7. This initial plan does not restrict the physical liberty of the ward more than is reasonably necessary to protect the ward from serious physical injury, illness, or disease and provides the ward with medical care and mental health treatment for the ward's physical and mental health.

(Please use additional sheets if necessary.)

8.    The following is a list of preexisting orders not to resuscitate, health care surrogate decision, living will, or anatomical gift.

| # | Title | Date | Suspended by Court (Yes or No) | Steps Taken to Locate any Preexisting Document |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

(Please use additional sheets if necessary.)

**Under penalties of perjury, I declare that I have completed and read the foregoing, and the facts set forth are true, to the best of my knowledge and belief.**

Signed on .....(date)......

*[A certificate of service is required unless ward has been declared totally incapacitated.]*

[I certify that the foregoing document has been furnished to .....(name, address used for service, mailing address, and e-mail address)..... by .....(e-mail) (delivery) (mail) (fax)..... on .....(date)......]

_____
Guardian's Signature
Guardian's Printed Name: ____

_____
Guardian's Address: _____

_____
Guardian's Phone Number: ___
Guardian's E-mail Address: ___

- 21 -

**(d) Annual Guardianship Plan for Adult.**

In the Circuit Court of the
_____ Judicial
Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____

In Re: Guardianship of

_____
Respondent's Name
Person with Developmental Disability

_____

ANNUAL GUARDIANSHIP PLAN OF GUARDIAN/
GUARDIAN ADVOCATE OF THE PERSON

.....(Guardian's name)....., the guardian of the person/guardian advocate of .....(ward's name)....., the ward, submits the following annual plan for the period beginning .....(beginning date)..... ending .....(ending date)......

    1.    The ward's address at the time of filing this plan is: _____

_____

    2.    During the prior 12 months, the ward resided or was maintained at (include dates, names, addresses, and length of stay at each location):

| Date | Name | Address | Length of stay |
|------|------|---------|----------------|
|      |      |         |                |
|      |      |         |                |
|      |      |         |                |

    3.    The residential setting best suited for the current needs of the ward is (Check ~~one~~1):

( )    a.      group home;

( )    b.      assisted living;

( )    c.      nursing home;

( )    d.      live with parents;

( )    e.      at ward's private residence; or

( )    f.      other: _____

4.     Plans for ensuring that the ward is in the best residential setting to meet the ward's needs during the coming year are as follows: _____

_____

_____

5.     The following is a list of any medical treatment given to the ward during the preceding year:

| Date | Provider | Treatment provided |
|------|----------|--------------------|
|      |          |                    |
|      |          |                    |
|      |          |                    |

6.     Attached is a report of a physician who examined the ward no more than 90 days before the end of the report period, including that physician's evaluation of the ward's condition and a statement of the current level of capacity of the ward.

7.     The plan for provision of medical, dental, mental health, and rehabilitative services (for example, occupational therapy, physical therapy, speech therapy, applied behavioral analysis) in the coming year is:

| Date | Provider | Service provided |
|------|----------|------------------|
|      |          |                  |
|      |          |                  |
|      |          |                  |

8.     The following information is submitted concerning the social condition of the ward:

a.     The ward is currently using the following social and personal services (include name, services rendered, and address of each provider), including any groups in which the ward is participating in:

| Date | Provider | Service provided |
|------|----------|------------------|
|      |          |                  |
|      |          |                  |

b.     The following is a statement of the social skills of the ward, including how well the ward maintains interpersonal relationships with others: _____

c.     The following is a description of the social needs of the ward, if any: _____

9.     The following is a summary of activities during the preceding year designed to increase the capacity of the ward, including involvement in groups or group activities: _____

10.    Is the ward now capable of having some or all of the ward's rights restored?

(  )   If yes, identify the rights that should be restored: ___ _____

11.    Do you plan to seek the restoration of any rights to the ward?

( ) If yes, identify the rights that you are seeking to be restored: _____

12. This plan _____ has or _____ has not been reviewed with the ward.

(Please use additional sheets where necessary.)

13. The following is a list of preexisting orders not to resuscitate, health care surrogate designation, living will, or anatomical gift.

| # | Title | Date | Suspended by Court? (Yes or No) | Steps Taken to Locate any Preexisting Document |
|---|-------|------|--------------------------------|------------------------------------------------|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

(Please use additional sheets if necessary.)

**Under penalties of perjury, I declare that I have completed and read the foregoing, and the facts set forth are true, to the best of my knowledge and belief.**

Signed on .....(date)......

*[A certificate of service is required unless ward has been declared totally incapacitated.]*

[I certify that the foregoing document has been furnished to .....(name, address used for service, mailing address, and e-mail address)..... by .....(e-mail) (delivery) (mail) (fax)..... on .....(date)......]

_____
Guardian's Signature
Guardian's Printed Name: _____

_____

- 25 -

Guardian's Address: _____

_____
Guardian's Phone Number: ____
Guardian's E-mail Address: ___


       If the guardian is represented by counsel, the attorney must comply with Florida Rule of <u>General Practice and </u>Judicial Administration 2.515 (every document of a party represented by an attorney ~~shall~~<u>must</u> be signed by at least ~~one~~<u>1</u> attorney of record).

**(e)** **Physician's Report.**

In the Circuit Court of the
_____ Judicial
Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____

In Re: Guardianship of

_____
Respondent's Name
Person with Developmental Disability

_____

PHYSICIAN'S REPORT
(Required by section 744.3675, Florida Statutes)

1.   Name of Physician: _____

Address: _____

_____

2.   Name of ward: _____

3.   Date of examination: _____

4.   Purpose of examination: _____

a.   Regular checkup: _____

b.   Treatment for: _____

5.   Evaluation of ward's condition: (Specify mental and physical condition at time of examination) _____

6.	Description of ward's capacity to live independently: _____

7.	The ward _____ does _____ does not continue to need assistance of a guardian.

8.	Is the ward capable of being restored to capacity at this time?
_____ Yes        _____ No

Are there any rights that can be restored at this time? Check any rights that can be restored:

( )	a.	to marry;

( )	b.	to vote;

( )	c.	to personally apply for government benefits;

( )	d.	to have a driver license;

( )	e.	to travel;

( )	f.	to seek or retain employment;

( )	g.	to contract;

( )	h.	to sue and defend lawsuits;

( )	i.	to apply for government benefits;

( )	j.	to manage property or to make any gift or disposition of property;

( )	k.	to determine his or herthe ward's residence;

( ) *l.* to consent to medical and mental health treatment; or

( ) m. to make decisions about ~~his or her~~the ward's social environment or other social aspects of ~~his or her~~the ward's life.

9. Date of this report: _____

10. Signature of physician completing this report: _____

## APPENDIX A

## INSTRUCTIONS TO GUARDIANS AND GUARDIAN ADVOCATES FOR FILING ANNUAL PLANS

1. Fill in the name of the ~~C~~county ~~wherein~~in which the case is filed on the second blank line at the top where it reads "IN AND FOR _____ COUNTY."

2. Print the name of the ward on the line just below the "In Re: Guardianship of" caption.

3. Put the case number in the space marked "CASE NO." in the upper right-hand corner (same as court file number).

4. On the first blank line after the title of the document (Annual Plan), print the guardian's name.

5. On the next blank line, print the ward's name.

6. Write in the dates for the period of time of the plan. This period should end on the last day of the month of the month you were appointed and begin a full year before that. If you do not know your plan period, please see the chart below. Please call the ~~C~~clerk's ~~O~~office or the appropriate ~~C~~court ~~S~~staff in the county ~~wherein~~in which you are filing, if you cannot determine the plan period after reviewing the chart.

7.    Type or print answers to all of the questions on the plan. If the question does not apply to your ward's circumstances, write in the phrase "not applicable." Fill in all the blanks. If your ward has a habilitation plan (produced by the social worker or the Florida Department of Children and Families) and it has changed, please provide a copy of the habilitation plan as an attachment to the annual plan. If the habilitation plan has not changed then do not file a copy.

8.    In paragraph 9, if your ward participates in groups, include that information in this paragraph.

9.    Sign your name, and print your name, address, e-mail address, and phone number where indicated. If there are co-guardian advocates, both must sign the plan.

10.   Make a copy of the plan for your records in the event there is a problem and work from it for next year's plan. Make a copy of any attachments to the plan, as well.

11.   Mail or hand deliver the original plan to the **Clerk of Court** of yourthe county wherein which the case is filed. You MUST also send a copy of the plan to your attorney, if you have an attorney, so that the attorney will know that you have filed the plan and will have a copy of the plan in case there is a problem.

## APPENDIX B

[No Change]

**RULE 5.905.  FORM FOR PETITION~~,~~; NOTICE~~,~~; AND ORDER FOR APPOINTMENT OF GUARDIAN ADVOCATE OF THE PERSON**

**(a)  Petition.**

FORM FOR USE IN PETITION FOR
APPOINTMENT OF GUARDIAN ADVOCATE OF THE PERSON
~~PURSUANT TO~~UNDER FLORIDA PROBATE RULE 5.649

In the Circuit Court of the
_____ Judicial
Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____

In Re: Guardianship Advocacy of

_____
Respondent's Name
Person with Developmental Disability

_____

PETITION FOR APPOINTMENT OF
GUARDIAN ADVOCATE OF THE PERSON

Petitioner, _____, files this petition ~~pursuant to~~under section 393.12, Florida Statutes, and Florida Probate Rule 5.649 and alleges that:

1.    The petitioner, proposed guardian advocate .....(name)....., is _____ years of age, whose residential address is _____ and post office address is _____

_____. The relationship of the petitioner to the respondent is _____.

2.     .....(Respondent's name)..... is a person with a developmental disability who was born on _____ and who is _____ years of age, who resides in _____ County, Florida. The residential address of the respondent is _____ _____ and the post office address is _____ _____.

3.     The petitioner believes that respondent needs a guardian advocate:

      a.     due to the following developmental disability:

          ( )   i.     intellectual disability;

          ( )   ii     cerebral palsy;

          ( )   iii.    autism;

          ( )   iv.    spina bifida;

          ( )   v.     Down syndrome;

          ( )   vi.    Phelan-McDermid syndrome; or

          ( )   vii.   Prader-Willi syndrome,

which manifested ~~prior to~~before the age of 18.

      b.     The developmental disability has resulted in the following substantial handicaps: _____ _____ _____

4.     The exact areas in which the person with the developmental disability lacks the ability to make informed decisions about ~~his/her~~the person's care and treatment services or

to meet the essential requirements for ~~his/her~~<u>the person's</u> physical health or safety are as follows:

      ( )   a.    to apply for government benefits;

      ( )   b.    to determine residency;

      ( )   c.    to consent to medical and mental health treatment;

      ( )   d.    to make decisions about social environment/social aspects of life;~~ and~~

      ( )   e.    to make decisions regarding education<u>; and</u>

      <u>( )   f.    to bring an independent action for support</u>.

5.    There are no alternatives to guardian advocacy, such as trust agreements, powers of attorney, designation of health care surrogate, or other advanced directive, known to petitioner that would sufficiently address the problems of the respondent in whole or in part. Thus, it is necessary that a guardian advocate be appointed to exercise some but not all of the rights of respondent.

6.    The names and addresses of the next of kin of the respondent are:

| Name | Address | Relationship |
|------|---------|--------------|
|      |         |              |
|      |         |              |

7.    The proposed guardian advocate .....(name)....., whose residence address is _____ and whose post office address is _____; is over the age of 18 and otherwise qualified under the laws of the State of Florida to act as guardian advocate of the person of respondent. The proposed guardian advocate is not a professional guardian. The relationship of the proposed guardian advocate with the providers of health care services, residential services, or other services to the respondent is (if none, indicate: NONE):_____

8.      The petitioner(s) allege(s) that to their knowledge, information, and belief, respondent _____ has or _____ has NOT executed an advance directive under chapter 765, Florida Statutes, (designated health case surrogate or other advance directive) or a durable power of attorney under chapter 709, Florida Statutes.

9.      *(If a Co-Guardian Advocate sought, complete this paragraph.)* Petitioner requests that _____ be appointed co-guardian advocate of the person of respondent. The proposed co-guardian advocate .....(name)....., who is _____ years of age, whose residence is _____; whose post office address is _____; is over the age of 18 and otherwise qualified under the laws of the State of Florida to act as guardian advocate of the person of respondent. The proposed co-guardian advocate is not a professional guardian. The relationship of the proposed co-guardian advocate with the providers of health care services, residential services, or other services to the respondent is (if none, indicate: NONE): _____

The relationship and previous association of the proposed co-guardian advocate to the respondent is _____. The proposed co-guardian advocate should be appointed because: _____

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.

     Signed .....(date)......

                            Signature: _____
                            Proposed Guardian Advocate
                            Name: _____
                            Address: _____

Phone Number: _____

E-mail Address: _____


Signature: _____

Proposed Co-Guardian

Advocate

Name: _____

Address: _____


Phone Number: _____

E-mail Address: _____

**(b)** **Notice.** The notice of the filing of the petition for the appointment of guardian advocate of the person and notice of hearing must be served with the petition for appointment of guardian advocate of the person ~~pursuant to~~under subdivision (a) of this rule.

FORM FOR NOTICE OF FILING OF A PETITION FOR
APPOINTMENT OF GUARDIAN ADVOCATE OF THE PERSON
~~PURSUANT TO~~UNDER SECTION 393.12(4), FLORIDA STATUTES,
AND NOTICE OF HEARING

In the Circuit Court of the
_____ Judicial
Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____

In Re: Guardian Advocacy of

_____
Respondent's Name
Person with Developmental Disability

_____

NOTICE OF FILING OF A PETITION FOR
APPOINTMENT OF GUARDIAN ADVOCATE
AND NOTICE OF HEARING

TO:   .....(Respondent)....., .....(attorney for respondent)....., .....(next of kin)....., .....(healthcare surrogate)....., and .....(agent under durable power of attorney)......

YOU ARE NOTIFIED that a petition for appointment of guardian advocate of the person has been filed.  A copy of the petition for appointment of guardian advocate of the person is

attached to this notice. There will be a hearing on the petition as follows:

You are to appear before the Honorable ...................., Judge, at .....(time)....., on .....(date)....., at the county courthouse of ................... County, in ..................., Florida for the hearing of this petition.

The reason for this hearing is to inquire into the capacity of the respondent, the person with a developmental disability, to exercise the rights enumerated in the petition. (See § 744.102(12)(b), Fla. Stat.)

The respondent has the right to be represented by counsel of ~~his or her~~the respondent's own choice and the court has initially appointed the following attorney to represent the respondent:

Attorney for the respondent: .....(name)....., .....(address).....~~.~~, .....(phone)....., .....(e-mail)......

Respondent has the right to substitute an attorney of ~~his or her~~the respondent's own choice in place of the attorney appointed by the court.

Signed .....(date)......

Signature: _____          Signature: _____
Proposed Guardian Advocate            Proposed Co-Guardian
                                      Advocate (if any)
Name: _____               Name: _____
Address: _____            Address: _____
_____                     _____
Phone Number: _____           Phone Number: _____
E-mail Address: _____          E-mail Address: _____

CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing notice of filing petition to appoint guardian advocate and notice of hearing and a copy of the petition for appointment of guardian advocate of the person was served on all persons indicated above, including on the attorney for the respondent, on .....(date)......

Signature: _____   Signature: _____
Proposed Guardian Advocate   Proposed Co-Guardian
                             Advocate (if any)

Name: _____   Name: _____
Address: _____   Address: _____

Phone Number: _____   Phone Number: _____
E-mail Address: _____   E-mail Address: _____


**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**(c)   Order.**

In the Circuit Court of the
_____ Judicial
Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____

In Re: Guardianship of

_____
Respondent's Name
Person with Developmental Disability

_____

ORDER APPOINTING GUARDIAN ADVOCATE

~~Upo~~On consideration of the petition for the appointment of guardian advocate of the person, the court finds that .....(respondent's name)..... has a developmental disability of a nature that requires the appointment of guardian advocate of the person based ~~upon~~on the following findings of fact and conclusions of law:

1.     The nature and scope of the person's lack of decision-making ability are: _____

_____

_____

2.     The exact areas in which the person lacks decision-making ability to make informed decisions about care and treatment services or to meet the essential requirements for ~~his/her~~the respondent's health and safety are specified in number 4.

3.     The specific legal disabilities to which the person with a developmental disability is subject to are: _____

4.     The powers and duties delegated to the guardian advocate are:

( )   a.     to apply for government benefits;

( )   b.     to determine residency;

( )   c.     to consent to medical and mental health treatment;

( )   d.     to make decisions about social environment/social aspects of life; ~~and~~

( )   e.     to make decisions regarding education; and

( )   f.     to bring an independent action for support.

5.     There are no alternatives to guardian advocacy, such as trust agreements, powers of attorney, designation of health care surrogate, or other advanced directive, known to petitioner that would sufficiently address the problems of the respondent in whole or in part. Thus, it is necessary that a guardian advocate be appointed to exercise some but not all of the rights of respondent.

6.     Without first obtaining specific authority from the court, as stated in section 744.3725, Florida Statutes, the guardian advocate may not exercise any authority over any health care surrogate appointed by any valid advance directive executed by the disabled person, ~~pursuant to~~under Chapter 765, Florida Statutes, except ~~up~~on further order of this Court.

ORDERED AND ADJUDGED:

1. .....(Name)..... is qualified to serve as guardian advocate and is hereby appointed as guardian advocate of the person of .....(respondent's name)......

2.     The guardian advocate ~~shall~~<u>will</u> exercise only the rights that the court has found the disabled person incapable of exercising on ~~his or her~~<u>the disabled person's</u> own behalf, as outlined herein above. Said rights are specifically delegated to the guardian advocate.

ORDERED this .....(date)......

_____
Judge

## RULE 5.906.   LETTERS OF GUARDIAN ADVOCACY

FORM LETTERS OF GUARDIAN ADVOCACY

In the Circuit Court of the
_____ Judicial
Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____

In Re: Guardian Advocacy of

_____
Respondent's Name
Person with Developmental Disability

_____

LETTERS OF GUARDIAN ADVOCATE (CO-GUARDIAN
ADVOCATES) OF THE PERSON

TO ALL WHOM IT MAY CONCERN:

WHEREAS, .....(guardian advocate's name(s))..... has/have been appointed guardian advocate(s) of the person of .....(the ward)....., a person with a developmental disability who lacks the decision-making capacity to do some of the tasks necessary to take care of his/her the ward's person; and

NOW, THEREFORE, I, the undersigned, declare that .....(guardian advocate's name(s))..... is/are duly qualified under the laws of the State of Florida to act as guardian advocate of the person of .....(the ward)...., with full power to exercise the following powers and duties on behalf of the person with a developmental disability:

( )   1.   to apply for government benefits;

- 42 -

( )    2.    to determine residency;

( )    3.    to consent to medical and mental health treatment; ~~and~~

( )    4.    to make decisions about social environment and social aspects of life; ~~and~~

( )    5.    to make decisions regarding education<u>; and</u>

<u>( )    6.    to bring an independent action for support</u>.

Without first obtaining specific authority from the court, ~~pursuant to~~<u>under</u> sections 744.3215(4) and 744.3725, Florida Statutes, the guardian advocate (co-guardian advocates) may not:

a.    commit the respondent to a facility, institution, or licensed service provider without formal placement proceedings ~~pursuant to~~<u>under</u> Chapter 393, Florida Statutes;

b.    consent to the participation of the respondent in any experimental biomedical or behavior procedure, exam, study, or research;

c.    consent to the performance of sterilization or abortion procedure on the respondent;

d.    consent to termination of life support systems provided for the respondent;

e.    initiate a petition for dissolution of marriage for the ward; or

f.    exercise any authority over any health care surrogate appointment by a valid advance directive executed by the disabled person, ~~pursuant to~~<u>under</u> Chapter 765, Florida Statutes, except ~~up~~<u>on</u> further order of this court.

The respondent ~~shall~~ retain<u>s</u> all legal rights except those that are specifically granted to the guardian advocate (co-guardian advocates) ~~pursuant to~~<u>under</u> court order.

ORDERED this .....(date)......

                                 _____
                                 Judge

**RULE 5.920.   FORMS RELATED TO INJUNCTION FOR PROTECTION AGAINST EXPLOITATION OF A VULNERABLE ADULT**

**(a)   Petition for Injunction.** Petitioners should take steps to protect confidential information within the petition for injunction ~~pursuant to~~under Florida Rule of General Practice and Judicial Administration 2.420 and minimize sensitive information within the petition for injunction ~~pursuant to~~under Florida Rule of General Practice and Judicial Administration 2.425.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT, IN AND FOR _____ COUNTY, FLORIDA

In re: Protection of

Case No.: _____

**Adversary Proceeding**

_____

Vulnerable Adult

_____,

Petitioner,

and

_____,

Respondent.

**PETITION FOR INJUNCTION FOR PROTECTION AGAINST EXPLOITATION OF A VULNERABLE ADULT UNDER SECTION 825.1035, FLORIDA STATUTES**

Before me, the undersigned authority, personally appeared petitioner _____ who has been sworn and says that the following statements are true:

1.    The vulnerable adult, _____, whose age is _____, who resides at (address):_____

2.     Section 825.101~~(14)~~, Florida Statutes, provides that a vulnerable adult is a person whose ability to perform the normal activities of daily living or to provide for ~~his or her~~the vulnerable adult's own care or protection is impaired due to a mental, emotional, sensory, long-term physical, or developmental disability or dysfunction, or brain damage, or the infirmities of aging. Please describe the vulnerable adult's inability to perform the normal activities of daily living. _____

_____

_____

3.     The petitioner's relationship to the vulnerable adult is: _____ _____, and the petitioner has the right to bring the petition because:

_____

_____

4.     The respondent, _____, resides at (last known address): _____

5.     The respondent's last known place of employment is: _____

_____

6.     The physical description of the respondent is:

Race: _____     Sex: _____     Date of Birth: _____

Height: _____     Weight: _____     Eye Color: _____

Hair Color: _____     Distinguishing Marks/Scars: _____

7.     Aliases of the respondent are: _____

8.     The respondent is associated with the vulnerable adult as follows: _____

_____

9.     The following describes other causes of action:

(a)     _____ there is/are 1 or more cause(s) of action currently pending between the petitioner and the respondent,

and/or a proceeding under the Florida Guardianship Code, chapter 744, Florida Statutes, concerning the vulnerable adult. Describe causes of action here: _____

_____

      (b)   Related case numbers and county where filed, if available: _____

      (c)  _____ there are previous or pending attempts by the petitioner to obtain an injunction for protection against exploitation of the vulnerable adult in this or any other circuit. Describe attempts here: _____

_____

      (d)   The results of any such attempts: _____

_____

   10.   The following describes the petitioner's knowledge of:

      (a)   Any reports made to a government agency, such as the Department of Elder Affairs or the Department of Children and Families: _____

_____

_____

      (b)   Any investigations performed by a government agency relating to abuse, neglect, or exploitation of the vulnerable adult: _____

_____

   and

      (c)   The results of any such reports or investigations:____

_____

_____

_____

   11.   The petitioner knows or has reasonable cause to believe the vulnerable adult is either a victim of exploitation or is in imminent danger of becoming a victim of exploitation, because the

respondent (include a description of any incidents or threats of exploitation by the respondent here): _____

_____

_____

_____

_____

_____

_____

    12.   The following describes:

       (a)   The petitioner's knowledge of the vulnerable adult's dependence on the respondent for care:_____

_____

       (b)   Alternative provisions for the vulnerable adult's care in the absence of the respondent, if necessary: _____

       (c)   Available resources the vulnerable adult has for such alternative provisions:_____
_____; and

       (d)   The vulnerable adult's willingness to use such alternative provisions: _____

_____

_____

_____

_____

    13.   The petitioner knows the vulnerable adult maintains assets, accounts, or lines of credit at the following institutions:

| Institution | Address | Account Number |
| --- | --- | --- |
| | | |
| | | |

| Institution | Address | Account Number |
|---|---|---|
| | | |
| | | |

14. If petitioner is seeking to freeze assets of the vulnerable adult, petitioner believes that the vulnerable adult's assets to be frozen are (check ~~one~~1):

_____ Worth less than $1,500

_____ Worth from $1,500 to $5,000

_____ Worth more than $5,000

15. The petitioner genuinely fears imminent exploitation of the vulnerable adult by the respondent.

16. The petitioner seeks an injunction for the protection of the vulnerable adult, including (mark appropriate section or sections):

_____ Prohibiting the respondent from having any direct or indirect contact with the vulnerable adult.

_____ Immediately restraining the respondent from committing any acts of exploitation against the vulnerable adult.

_____ Freezing the below assets, accounts, and~~/or~~ lines of credit of the vulnerable adult, listed below even if titled jointly with the respondent, or in the respondent's name only, in the court's discretion.

| Institution | Address | Account Number |
|---|---|---|
| | | |

| Institution | Address | Account Number |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

_____ Providing any terms the court deems necessary for the protection of the vulnerable adult or ~~his or her~~the vulnerable adult's assets, including any injunctions or directives to law enforcement agencies, including: _____

_____

17. If the court enters an injunction freezing assets, accounts, and credit lines:

(a) the petitioner believes that the critical expenses of the vulnerable adult will be paid for or provided by the following persons or entities: _____

_____

_____

OR

(b) The petitioner requests that the following expenses be paid notwithstanding the freezing of assets, accounts, or lines of credit from the following institution(s):_____

_____

_____

I ACKNOWLEDGE THAT ~~PURSUANT TO~~UNDER SECTION 415.1034, FLORIDA STATUTES, ANY PERSON WHO KNOWS, OR HAS REASONABLE CAUSE TO SUSPECT, THAT A VULNERABLE

ADULT HAS BEEN OR IS BEING ABUSED, NEGLECTED, OR EXPLOITED HAS A DUTY TO IMMEDIATELY REPORT SUCH KNOWLEDGE OR SUSPICION TO THE CENTRAL ABUSE HOTLINE. I HAVE REPORTED THE ALLEGATIONS IN THIS PETITION TO THE CENTRAL ABUSE HOTLINE.

I HAVE READ EACH STATEMENT MADE IN THIS PETITION AND EACH SUCH STATEMENT IS TRUE AND CORRECT. I UNDERSTAND THAT THE STATEMENTS MADE IN THIS PETITION ARE BEING MADE UNDER PENALTY OF PERJURY PUNISHABLE AS PROVIDED IN SECTION 837.02, FLORIDA STATUTES.

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Designated E-mail Address(es):

_____

_____

STATE OF FLORIDA

COUNTY OF _____

Sworn to or affirmed and signed before me on .....(date)......

_____
Printed Name

_____
Notary Public or Deputy Clerk
_____ Personally known or _____ Produced identification

Type of identification produced: _____

**(b) Temporary Protective Injunction Against Exploitation of a Vulnerable Adult.**

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT, IN AND FOR _____ COUNTY, FLORIDA

In re:

Case No.: _____

_____
Vulnerable Adult

_____,
Petitioner,

and

_____,
Respondent.

### TEMPORARY PROTECTIVE INJUNCTION AGAINST EXPLOITATION OF A VULNERABLE ADULT AND NOTICE OF HEARING

This cause came before the court, which has jurisdiction over the parties and subject matter under state law. The court having reviewed the petition and affidavits and considered argument of counsel, finds as follows:

1. _____ Reasonable notice and opportunity to be heard was given to the respondent in a manner sufficient to protect his or her due process rights. Date of service _____

OR

2. _____ The court conducted its review ex parte.

3. An immediate and present danger of exploitation of the vulnerable adult exists.

4. There is a likelihood of irreparable harm and unavailability of an adequate legal remedy.

5.     There is a substantial likelihood of success on the merits.

6.     The threatened injury to the vulnerable adult outweighs possible harm to the respondent.

7.     Granting a temporary injunction will not disserve the public interest.

8.     This injunction provides for the vulnerable adult's physical or financial safety.

9.     These findings were based on the following facts: _____

_____

_____

_____

Accordingly, it is hereby ADJUDGED that:

The petitioner's request for a temporary protective injunction is GRANTED. This injunction is valid for 15 days from the date of this order or_____. The full hearing is set for .....(date)....., at .....(time)...... The hearing will be held before the Honorable _____ _____ at _____, Florida.

It is further ordered that:

_____     The respondent shall not commit any act of exploitation against the vulnerable adult.

_____     The respondent will have no contact with vulnerable adult.

_____     The vulnerable adult is awarded temporarily exclusive use and possession of any dwelling ~~he or she~~the vulnerable adult shares with the respondent.

_____     The respondent is barred from entering the residence of the vulnerable adult.

_____     The vulnerable adult's assets, accounts, and~~/or~~ credit lines are hereby frozen until further court order except: _____

_____ Institution(s) served on .....(date)......

_____ The following institution(s) _____
holding the vulnerable adult's assets ~~shall~~must use ~~his or her~~the vulnerable adult's unencumbered assets to pay the clerk of court the following filing fee:

_____ $75.00 (if assets are between $1,500–$5,000)

OR

_____ $200.00 (if assets are more than $5,000).

If the court enters an injunction, these fees will be taxed as costs against the respondent.

Law enforcement is hereby directed to: _____

_____

Other relief: _____

_____

This injunction is valid and enforceable in all Florida counties, does not affect title to real property, and law enforcement may use their section 901.15(6), Florida Statutes, arrest powers to enforce its terms.

DONE and ORDERED on .....(date)..... at .....(time)......

_____
Judge

CC: All parties and counsel of record

COPIES TO: (Check those that apply)

Petitioner:

_____      by U. S. Mail

_____      by hand delivery in open court (Petitioner must acknowledge receipt in writing on the original order—see below.)

Vulnerable Adult (if not petitioner)

_____      by U. S. Mail

_____      by hand delivery in open court

Respondent:

_____      forwarded to Sheriff for service

_____      by U. S. Mail

_____      by hand delivery in open court (Respondent must acknowledge receipt in writing on the original order—see below.)

_____      by certified mail (May only be used when respondent is present at the hearing and R̶respondent fails or refuses to acknowledge the receipt of a certified copy of this injunction.)

_____      Other: _____

Petitioner's Attorney: _____ by e-mail

Respondent's Attorney:_____ by e-mail

I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the clerk of the circuit court of_____ _____ County, Florida, and that I have furnished copies of this order as indicated above on .....(date)......

CLERK OF THE CIRCUIT COURT

By: _____

Deputy Clerk

- 55 -

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**(c)    Order Denying Injunction and Notice of Hearing.**

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

In re:

Case No.: _____

_____
Vulnerable Adult
_____,

Petitioner,

and

_____,

Respondent.

**ORDER DENYING REQUEST FOR TEMPORARY INJUNCTION AND SETTING HEARING ON PETITION FOR INJUNCTION FOR PROTECTION AGAINST EXPLOITATION OF A VULNERABLE ADULT**

A petition for injunction for protection against exploitation of a vulnerable adult has been reviewed. This court has jurisdiction over the parties and of the subject matter. Based upon the facts stated in the petition, the court finds:

The facts supporting the denial of the request for an ex parte injunction are: _____

_____

_____

_____

_____

_____

The court finds that based ~~upon~~ the facts, as stated in the petition alone and without a hearing in the matter, there is no

- 57 -

appearance of an immediate and present danger of exploitation of a vulnerable adult.

IT IS THEREFORE ORDERED:

The request for a temporary injunction for protection against exploitation of a vulnerable adult is **denied**. A hearing is scheduled on the petition for injunction for protection against exploitation of a vulnerable adult. The petitioner has the right to promptly amend any petition consistent with court rules.

NOTICE OF HEARING

A hearing is scheduled regarding this matter on .....(date)....., at .....(time)....., when the court will fully hear the allegations in the petition for injunction for protection against exploitation of a vulnerable adult. The hearing will be before The Honorable .....(name)....., at the following .....(address)....., Florida. All witnesses and evidence, if any, must be presented at this time.

**IF EITHER PETITIONER OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, ~~HE OR SHE~~THE PETITIONER OR RESPONDENT WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

Nothing in this order limits petitioner's rights to dismiss the petition.

DONE AND ORDERED in, _____ Florida, on .....(date)......

_____
JUDGE

COPIES TO:

Sheriff of_____ County

CERTIFICATE OF SERVICE:

Petitioner: _____ by U. S. Mail _____ by e-mail to designated e-mail address(es)

Respondent will be served by sheriff.

Vulnerable Adult will be served by sheriff.

The financial institution will be served by sheriff. (If any assets, accounts, or lines of credit are requested to be frozen, insert names of the financial institutions.)

I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the clerk of the circuit court of_____ _____ County, Florida, and that I have furnished copies of this order as indicated above.

CLERK OF THE CIRCUIT COURT

(SEAL)

By: _____
      Deputy Clerk or Judicial Assistant

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**(d) Final Protective Injunction.**

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

In re:

Case No.: _____

_____

Vulnerable Adult

_____,

Petitioner,

and

_____,

Respondent.

## PERMANENT INJUNCTION FOR PROTECTION AGAINST EXPLOITATION OF A VULNERABLE ADULT

This cause came before the court, which has jurisdiction over the parties and subject matter under state law. The court having reviewed the petition and affidavits and considered the testimony presented and argument of counsel, finds as follows:

1.    Reasonable notice and opportunity to be heard was given to the respondent in a manner sufficient to protect ~~his or her~~the respondent's due process rights. Respondent was served with the petition for injunction, notice of hearing, and temporary protective injunction, if issued.

2.    A hearing was held on .....(date)......

3.    The vulnerable adult is a victim of exploitation or in imminent danger of becoming an exploitation victim.

4.    There is a likelihood of irreparable harm and unavailability of an adequate legal remedy.

5. The threatened injury to the vulnerable adult outweighs possible harm to the respondent.

6. With regard to freezing the respondent's assets, accounts, and/or lines of credit that were the proceeds of exploitation, there is probable cause that exploitation has occurred and a substantial likelihood that such assets, accounts, and/or lines of credit will be returned to the vulnerable adult.

7. This injunction provides for the vulnerable adult's physical or financial safety.

8. These findings were based on the following facts: _____

_____

_____

_____

_____

_____

Accordingly, it is hereby ADJUDGED that:

The petitioner's request for a protective injunction is GRANTED. This injunction remains in effect until it has been modified or dissolved, and it is further ordered that:

_____ The respondent ~~shall~~must not commit any acts of exploitation against, or have any direct or indirect contact with, the vulnerable adult.

_____ The vulnerable adult is awarded exclusive use and possession of any dwelling ~~he or she~~the vulnerable adult shares with the respondent.

_____ The respondent is excluded from the residence of the vulnerable adult.

_____ The respondent ~~shall~~must, at ~~his or her~~the respondent's own expense, participate in all relevant treatment, intervention, or counseling services to be paid for by the respondent.

_____ Unless ownership is unclear, any temporarily frozen assets, accounts, and credit lines of the vulnerable adult are to be returned to the vulnerable adult.

If not already paid ~~pursuant to~~under the order granting temporary protective injunction against exploitation of a vulnerable adult, a final cost judgment is hereby entered against respondent and in favor of the clerk of courts in the amount of (check ~~one~~1):

_____ $75.00 (if assets are between $1,500–$5,000)

OR

_____ $200.00 (if assets are more than $5,000).

All for which let execution issue forthwith.

If the amount set forth above has already been paid to the clerk of courts, a final cost judgment is hereby entered against respondent and in favor of the vulnerable adult in the amount set forth above, all for which let execution issue forthwith.

Any other costs associated with this judgment, including filing fees and service charges, are to be paid by the respondent.

Other: _____

_____

_____

_____

_____

_____

This injunction is valid and enforceable in all Florida counties, does not affect title to real property, and law enforcement may use section 901.15(6), Florida Statutes, arrest powers to enforce its terms.

DONE and ORDERED on .....(date)......

_____
Judge

CC: All parties and counsel of record


COPIES TO: (Check those that apply)

Petitioner:

_____      by U. S. Mail

_____      by hand delivery in open court (Petitioner must acknowledge receipt in writing on the original order—see below.)

Vulnerable Adult (if not petitioner)

_____      by U. S. Mail

_____      by hand delivery in open court

Respondent:

_____      forwarded to Sheriff for service

_____      by U. S. Mail

_____      by hand delivery in open court (Respondent must acknowledge receipt in writing on the original order—see below.)

_____      by certified mail (May only be used when respondent is present at the hearing and respondent fails or refuses to acknowledge the receipt of a certified copy of this injunction.)

_____      Department of Agriculture and Consumer Services

_____      Other: _____

Petitioner's Attorney: _____ by e-mail

Respondent's Attorney: _____ by e-mail

I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the clerk of the circuit court of _____ \_\_\_\_\_ County, Florida, and that I have furnished copies of this order as indicated above on .....(date)......

CLERK OF THE CIRCUIT COURT

By:_____
　　　Deputy Clerk